Filed 2/7/24  P. v. Fragoso CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B328692 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA017817) |
| v. | |
| RUDY ANTHONY FRAGOSO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Andrew C. Kim, Judge.  Reversed.

Law Office of Janice M. Belluci and Janice M. Belluci for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Rudy Anthony Fragoso challenges the denial of his petition for termination of sex offender registration. He asserts the trial court's conclusion—that continuing his registration would significantly enhance community safety—lacks substantial evidence. We agree and reverse.

## BACKGROUND

Fragoso began sexually abusing his stepdaughter when she was seven years old. The abuse continued until she was almost 18, despite her numerous pleas for him to stop. Though Fragoso told his stepdaughter to keep the abuse a secret and to take that secret to her grave, she eventually reported the abuse.

In 1993, Fragoso was arrested and pleaded no contest to violating Penal Code section 288, subdivision (a), by engaging in lewd acts upon a child under age 14.[1] He was sentenced to state prison for three years and required to register as a sex offender for life.

In 2022, Fragoso petitioned to terminate his sex offender registration. The superior court denied his petition and ruled that appellant may not file another petition for two years.

Fragoso filed a timely notice of appeal.

## DISCUSSION

### I.  Applicable law and standard of review

Prior to 2021, California required those convicted of certain sex crimes to register as sex offenders for life, as long as they live

---

[1]     All undesignated statutory references are to the Penal Code.

or work in California. Section 290 now provides a tiered system requiring different lengths of registration depending on the offense. Those who, like defendant, are convicted of violating section 288, subdivision (a), are considered second tier offenders, meaning they must register for a minimum of 20 years. (§ 290, subd. (d)(2)(A).)

Once a sex offender has been on the registry for the minimum amount of time mandated by their tier, that person may petition to be removed from the registry and for relief from the duty to continue to register. (§ 290.5, subd. (a)(1).) The People determine whether to request a hearing. If a hearing is not requested, the petition is granted unless the sex offender has pending charges and is not in custody or on parole, probation, or supervised release. (*Ibid.*)

If a hearing is requested, the People have the burden of producing evidence establishing that community safety would be significantly enhanced by requiring continued registration. (*People v. Thai* (2023) 90 Cal.App.5th 427, 432 (*Thai*).)

"In determining whether to order continued registration, the court shall consider: the nature and facts of the registerable offense; the age and number of victims; whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours); criminal and relevant noncriminal behavior before and after conviction for the registerable offense; the time period during which the person has not reoffended; successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program; and the person's current risk of sexual or violent reoffense, including the person's risk levels on SARATSO static, dynamic, and violence risk assessment instruments, if available." (§ 290.5, subd. (a)(3).) Permissible

3

evidence includes "declarations, affidavits, police reports, or any other evidence submitted by the parties which is reliable, material, and relevant." (*Ibid*.) If the court denies the petition, it must also select a one- to five-year time period after which the sex offender may file another petition and must state the reason on the record for the time period it selects. (§ 290.5, subd. (a)(4).)

"An appellate court reviews the trial court's ruling on a petition for termination from the sex offender registry for abuse of discretion." (*Thai, supra*, 90 Cal.App.5th at p. 433.) "'The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence . . . .'" (*Ibid*.)

## II. Insufficient evidence that community safety would be significantly enhanced by continued registration

Defendant argues the evidence, which shows he engaged in egregious conduct 30 years ago, does not show he has a current risk of reoffense. The prosecution made a similar showing in *Thai*, arguing the facts of the underlying crime were "'particularly egregious,'" with that defendant taking advantage of a 12-year-old victim and showing no remorse after the crime. (*Thai, supra*, 90 Cal.App.5th at p. 430.) The defense responded that the events occurred 23 years earlier and there was no evidence he was currently a danger. (*Id*. at p. 431.) The trial court denied the petition, reasoning the crime was egregious and the defendant had taken advantage of a position of trust. (*Id*. at pp. 430-431.) The Court of Appeal reversed, concluding the trial court had abused its discretion in that the prosecution had failed to produce evidence establishing that "terminating the registration requirement considerably raised the threat to society

because [the 64-year-old defendant] was *currently* likely to reoffend." (*Id*. at p. 433.) Assuming the underlying crime was egregious, "those facts alone do not demonstrate [the defendant] was a risk to the community over 24 years later." (*Id*. at p. 434.)

Here the prosecutor submitted evidence showing defendant began inappropriately touching his stepdaughter when she was seven years old. When she was nine, he began having sexual intercourse with her multiple times a month until she was 15 and then every other weekend until she was 17 and reported the abuse to her mother.

When confronted, defendant admitted the molestation. He was arrested and pleaded no contest to the charge of committing a lewd act upon a child. Additionally, he admitted having engaged in this act while in a position of special trust and that he committed an act of substantial sexual conduct with his victim.[2]

Defendant's victim endured years of abuse, which ended 30 years ago when defendant was arrested and sentenced. No evidence was presented that in the following three decades defendant failed to register or committed any sex offenses. Nor was there any risk assessment test or other evidence tending to show a significant risk that defendant was likely to reoffend.[3] As

---

[2] "Substantial sexual conduct" is defined by section 1203.066, subdivision (b), to mean "penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender."

[3] We note defendant submitted to the trial court an abstract showing the risk of sexual recidivism is highest during the first few years after release, and decreases substantially the longer individuals remained sex offense-free in the community. (Hanson, et al., *High Risk Sex Offenders May Not Be High Risk Forever* in

a result, the burden of showing defendant to be a current risk to the community was not met.

The People argue defendant could have been charged with violating section 288.5 because he committed the continuous sexual abuse of his victim while she was under the age of 14, a violation that mandates lifetime registration. However, the determination under section 290.5 depends on the actual crime for which defendant was convicted, and not the possible crimes available. (*People v. Franco* (Jan. 25, 2024, B324852) ___ Cal.App.5th ___ [2024 Cal.App. Lexis 41].)

Defendant, a second tier offender (§ 290, subd. (d)(2)(A)), has been registered for 27 years. Defendant is therefore entitled to be removed from the sex offender registry because he has not reoffended and has been registering for well in excess of the minimum 20 years. (§ 290.5, subd. (a)(1).)

## DISPOSITION

The order denying defendant's petition is reversed.

_____

CHAVEZ, J.

We concur:

_____          _____

LUI, P. J.                                      HOFFSTADT, J.

---

29 Journal of Interpersonal Violence (Mar. 24, 2014) 2792, 2807-2808.)